Dear Superintendent Picard:
I am in receipt of your request for an Attorney General's Opinion concerning LSA-R.S. 17:3141 and the effect it has on the administration of proprietary schools. These privately owned vocational-technical schools are regulated by LSA-R.S. 17:3141 and are licensed by the Board of Elementary and Secondary Education.
In July of 1997, an Inspector General's Report entitled Proprietary Schools was issued. In the report, it states that "[u]nder Louisiana law, proprietary school students may file a suit for a breach of contract against a school for up to 10 years. Because of this prescription period, it is necessary that a school have continuous coverage for that period." In light of this report and LSA-R.S. 17:3141, you seek clarification on the following questions:
1) What constitutes this 10 year prescription period?
2) When does it begin?
 3) Are all sureties to be held for 10 years after a school closes?
 4) Does this 10 year prescription period pertain to both school sureties and solicitor/agent sureties?
 5) Does it pertain to both bonds and certificates of deposit?
 6) The report referred to previously also states that a certificate of deposit cannot be used any longer as the surety for the solicitor/agent. Therefore, we are in the process of notifying the few owners involved that they must obtain bonds. Can their certificates be released or does the 10 year prescription period prohibit this?
In pertinent part, LSA-R.S. 17:3141.5(D) (E) state the following concerning a surety bond:
 D. Each application for a license shall be accompanied by a surety bond in the amount of ten thousand dollars or such equivalent security as the commission may accept. A bond shall be issued by a surety authorized to do business in this state and shall be filed with the state superintendent of public education. The term of the bond shall be continuous, but shall be subject to cancellation by the surety in the manner described in this section. The bond shall provide blanket coverage for the acts of all persons engaged as agents of the school without naming them and without regard to the time they are engaged during the term of the bond. Such bond shall provide for the indemnification of any person suffering loss or damage as a result of:
 (1) Any fraud or misrepresentation used in procuring his enrollment; or
 (2) The failure on the part of the school to carry out and comply with each and every contract and agreement made and entered into by said school, acting by and through its officers, agents, or representatives with any student or enrollee; or
 (3) The inability of the student to complete the course or courses because the school ceased operation or failed to furnish the facilities advertised or included in the contracted agreement.
 The surety bond shall cover the period of the license except when said surety is released in the manner provided herein. A surety on said bond may be released therefrom after said surety has made a written notice thereof directed to the commission at least thirty days prior to said release; provided, however, that such release shall not affect the liability of the surety for acts arising prior to the release of the surety.
 E. The surety may terminate the bond upon giving a sixty day written notice to the principal and to the commission, however, the liability of the surety for the acts of the principal and its agents shall continue during said sixty day period. The notice shall not release the surety from liability which accrues before the cancellation becomes final but which is discovered after that date and which arose at any time during the term of the bond. Unless the bond is replaced by that of another surety before the expiration of the sixty day period, the license shall be suspended by the commission. Any person required to file a bond may file in lieu thereof cash, a certificate of deposit or government bonds in the amount of ten thousand dollars. Said deposit shall be subject to the same terms and conditions as required herein for surety bonds. Any interest or earnings on such deposits are payable to the depositor.
In response to your first and second questions, liberative prescription is defined in C.C. Art. 3447 as:
 ". . . a mode of barring of actions as a result of inaction for period of time."
C.C. Article 3499 concerns personal actions, such as a suit for breach of contract, which states the following:
 Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.
Therefore, in answer to your first and second questions, the ten year prescriptive period required by C.C. Art. 3499 is applicable. The term begins on the date the act giving rise to the cause of action occurs, or, if unknown, the date knowledge of facts giving rise to a cause of action occurs. Cartwright vs.Chrysler Corp. 232 So.2d 285 (1970).
In your third question, you ask whether all sureties are to be held for 10 years after a school closes. Since the prescriptive period is 10 years, the ten years runs from when the fraud, misrepresentation or failure to carry out a contract or agreement occurs, or if unknown from the time of knowledge. The requirements of a surety bond are set forth in the statute concerning a school's license.
As indicated in LSA-R.S. 17:3141.5D,
 . . . [t]he surety bond shall cover the period of the license except when said surety is released in the manner provided herein.
Also, LSA-R.S. 17:3141.5F(2) states:
 In addition the license shall be suspended by the State Board of Elementary and Secondary Education if the proprietary school is no longer covered by a surety bond as required in this Section; . . .
Therefore, a licensed school is required to maintain a surety bond that would cover actions until they have prescribed, as stated in LSA-R.S. 17:3141.5(D):
 . . . such release shall not affect the liability of the surety for acts arising prior to the release of the surety. See also R.S. 17:3141.5(E).
In your fourth question, you ask whether this 10 year prescription period pertains to both school sureties and solicitor/agent sureties? Since C.C. Article 3499 allows a student to sue for any fraud or misrepresentation by a school or a solicitor agent of a proprietary school, the 10 year prescriptive period applies to both school sureties and solicitor agent sureties for suits alleging breach of contract. For suits alleging tortious damages, however, the prescriptive period is one year. C.C. Art. 3492.
In your fifth question, you ask whether the prescriptive period applies to both bonds and certificates of deposit. The same prescriptive period applies. If a surety decides to terminate a bond, please refer to section E for the proper procedure. As stated in E, the liability of the surety for the acts of the principal and its agents shall continue during said sixty day period. Unless the bond is replaced by that of another surety before the expiration of the sixty day period, the license shall be suspended by the commission. Also, as stated in E, if cash, a certificate of deposit or government bonds are filed in lieu of a bond, that deposit shall be subject to the same terms and conditions as required for surety bonds.
In response to your last question, you reference the State Inspector General's report of June 17, 1997 concerning LSA-R.S.17:3141.9(B). It notes that the statute includes no provision for substitutions for the surety bond like LSA-R.S. 17:3141.5E does. LSA-R.S. 17:3141.9(B) states the following:
 B. The application for a permit shall be made on forms which shall be furnished by the commission, and shall be accompanied by a fee of five dollars and a surety bond acceptable to the board in the sum of one thousand dollars.
Such bond shall be continuous. It shall be issued by a solvent surety authorized to do business in this state, shall be filed with the state superintendent of public education and shall be conditioned to provide indemnification to any student suffering loss as a result of any fraud of misrepresentation used by the permittee in procuring his enrollment. The bond may be supplied by a solicitor for a school or by the school itself as a blanket bond covering each of its agents in the amount of one thousand dollars. The liability of the surety on such bond for each solicitor covered shall not exceed the sum of one thousand dollars as an aggregate for all students for all breaches of the conditions of the bond by such solicitors. The surety of any such bond may cancel the same upon giving thirty days' notice in writing to the commission and upon serving such notice shall be relieved of liability for any breach of condition occurring after the effective date of said cancellation. Each application for the renewal shall be accompanied by the fee of five dollars and a surety bond as provided in this section. (Emphasis supplied).
As the certificates of deposits provided surety previously and may be implicated in a suit, they should not be released until the prescriptive period runs, unless the bond that replaces it assumes this potential liability.
I hope this opinion sufficiently addresses your concerns. If I may be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH:sc
DATE RECEIVED: 07/28/98SH
DATE RECEIVED: 08/19/98BR
DATE RELEASED:
BETH CONRAD LANGSTONASSISTANT ATTORNEY GENERAL